IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R.G. TURNER,

    Plaintiff,                    No. CIV S-07-1861 FCD EFB P

    vs.

YOLO COUNTY, et al.,

    Defendants.            <u>ORDER</u>

                                /

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an application to proceed in forma pauperis, however he has not submitted a certified copy of his trust account statement for the six-month period prior to the filing of his complaint.

        This court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

////

1

monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. § 1915A(b).

The complaint in this action is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A. Plaintiff must comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. This rule requires the pleader to set forth his averments in a simple, concise, and direct manner.[2] The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).[3]

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

---

[1] What is more, the court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims. 42 U.S.C. § 1997e(g).

[2] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process. Wright & Miller § 1281 Rule 8 p. 519.

[3] In this regard, the mere fact that this action falls into the exclusive category the court must screen under § 1915A dictates a strict interpretation of whether the pleading is sufficiently short and plain. The undersigned has at least 200 such cases on his docket at any one time. One poorly-pleaded, 30-page prisoner complaint, multiplied by 200, yields 6,000 pages of material this court has an affirmative duty to review and screen (not to mention the frequency with which a pro se prisoner's pleading must go through amendment before service of process). Both the defendants *and* the court must select the relevant material from the mass of verbiage. "[T]he law does not require nor does justice demand that a judge must grope through [thousands of] pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds for the [plaintiff's] complaint." *Passic v. Michigan*, 98 F. Supp. 1015, 1016-17 (D.C. Mich. 1951).

But before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See, McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also, Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure.

In reviewing plaintiff's complaint, the court is required to guess who is being sued for what. If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's. *See, McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours, and may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1049-50 (9th Cir. 1971).

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885

F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Plaintiff need not identify the law that makes the alleged conduct wrong. He may use his own language to state, simply and directly, the wrong that has been committed and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant. *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint.

Plaintiff's amended complaint must adhere to the following requirements:

A complaint must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

More than one claim against a single defendant may be joined in the same action. Fed. R. Civ. P. 18(a). Claims against different defendants may be joined in the same action only if the claims arise from the same transactions or occurrences. Fed. R. Civ. P. 20(a).

Each claim founded upon a separate transaction or occurrence must be set apart as a "separate count." Within each count, the circumstances that give rise to the claim must be alleged in separate, numbered paragraphs. Fed. R. Civ. P. 10(b).

These allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).[4]

---

[4] Negligence is not actionable under 42 U.S.C. § 1983. However, to illustrate the simplicity and brevity of statement contemplated by the rules (*see* Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

1. Allegation of jurisdiction.
2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was

4

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).

The amended complaint must be complete in itself without reference to plaintiff's original complaint. Local Rule 15-220.

A prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

////

////

---

then crossing said highway.
    3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
    Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff is granted 30 days in which to submit a certified copy of his trust account
3  statement for the six-month period prior to the filing of this action.

4  2. Plaintiff's complaint is dismissed with leave to amend within 30 days. Plaintiff shall
5  file an original and one copy of the amended complaint, which must bear the docket number
6  assigned to this case and be titled "First Amended Complaint."

7  3. Failure to comply with this order may result in a recommendation the action be
8  dismissed and, if warranted, that dismissal will be with prejudice.

9  Dated: December 3, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE